UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25 CR 34 MTS/SRW ) |
| BRANDON JONES, | ) ) |
| Defendant. | ) ) |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Nauman Wadalawala, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending further judicial proceedings, and further requests that a detention hearing be held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

As for its grounds for detention, the United States of America states as follows:

1. The Defendant is charged with two counts of distribution of 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), one count of distribution of fentanyl, in violation of Title 21, United States Code, Section 841(a)(1), and one count of unlawfully dealing firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A).

2. Pursuant to Title 18, United States Code, Section 3142(g), the nature of the charges against the defendant, the weight of the evidence against the defendant, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community

that would be posed by the defendant's release additionally warrant the defendant's detention pending trial.

3. Additionally, the defendant's charges in Counts I, II, III and IV all carry a maximum term of imprisonment of ten years or more are prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.). *See* 18 U.S.C. § 3142(f)(1)(C).

## The Nature and Circumstances of the Offense

4. Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and characteristics of the offense charged, including whether the offense involves a controlled substance or a firearm. Because the three offenses with which the defendant is charged involve both a controlled substance and a firearm, the first of the § 3142(g) factors weigh in favor of detention.

## The Weight of the Evidence Against the Defendant

5. Section 3142(g)(2) requires the Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong.

6. On August 2, 2024, a confidential informant met with the defendant and arranged for the purchase of fentanyl. The confidential informant and the defendant met at his residence and the defendant provided the confidential informant with 3.5 grams of fentanyl in exchange for $225.00.

7. On August 23, 2024, an undercover officer met with the defendant and arranged for the purchase of methamphetamine. When the undercover officer met with the defendant, defendant advised he did not have any methamphetamine, however, he could sell the undercover officer a 9-millimeter pistol. Defendant sold the undercover officer a pistol for $150.00.

8. On September 25, 2024, October 8, 2024, and November 13, 2024, defendant met with an undercover officer and at his residence and sold 54.0 grams of methamphetamine, 55.19 grams of methamphetamine and 13.9 grams of methamphetamine.

### The History and Characteristics of the Defendant

9. The Defendant's criminal history, gang affiliation and his performance on bond from a previous case all weigh heavily in favor of detention.

10. Specifically, in case# 2422-CR00058-01, defendant was charged with assault 1st degree (2 counts), armed criminal action (2 counts), unlawful use of a weapon, and property damage 1st degree. He was placed on bond on March 12, 2024 with GPS/location monitoring. Since then, defendant has had 13 violations regarding his GPS for violating inclusion zones and a dead battery. Additionally, defendant was on GPS/location monitoring when the instant offense occurred.

11. Furthermore, the defendant is known to have a longtime gang affiliation with the Rollin 60s Crips.

### The Nature and Seriousness of the Danger to the Community

12. The safety of the community would be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

13. There is a serious risk that the defendant will flee because he is facing a significant prison sentence in this case.

### Conclusion

14. The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is a

presumption of detention and there is clear and convincing evidence that no condition or combination of conditions that will reasonably assure the safety of any other person and the community, or the defendant's appearance in Court.

Respectfully submitted,<br>
SAYLER A. FLEMING<br>
United States Attorney<br>
<br>
<i>/s/ Nauman Wadalawala</i><br>
NAUMAN WADALAWALA #65252MO<br>
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

<i>/s/ Nauman Wadalawala</i><br>
NAUMAN WADALAWALA #65252MO<br>
Assistant United States Attorney